IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ERIC T. CANTERBURY,

                Plaintiff,

v.     CIVIL ACTION NO. 3:23-0538

ANDRITZ SEPARATION, INC.,
a Texas Corporation,

                Defendant.

**ORDER**

Pending is Defendant's Motion to Strike Plaintiff's Supplemental Evidence or, in the alternative, Supplemental Reply is Further Support of Motion for Summary Judgment. ECF No. 80. For the following reasons, the Court **DENIES** the motion.

In its motion, Defendant Andritz Separation, Inc. argues this Court should strike Plaintiff Eric T. Canterbury's filing because it was filed beyond the dispositive motion briefing deadlines without justification. Defendant Andritz asserts that, pursuant to this Court's Scheduling Order, it timely filed its Motion for Summary Judgment on September 25, 2024.[1] Thereafter, Plaintiff filed his Response on October 9, 2024 (ECF No. 64), and Defendant filed a Reply on October 16, 2024. ECF No. 65. On January 3, 2025, Plaintiff then filed his Notice of Supplemental Evidence in Support of Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment. ECF No. 70. Defendant argues the Court should strike the Response because Plaintiff

---

[1] The dispositive motion deadline set forth in the Amended Scheduling Order was September 27, 2024. *Am. Sched. Order* (Apr. 9, 2024), ECF No. 26.

has not shown he can meet any of the criteria discussed in *Matheny v. L.E. Myers Co.*, Civ. Act. No. 2:16-CV-09304, 2018 WL 1095583 (S.D. W. Va. Feb. 26, 2018), that describes three instances in which supplemental material is allowed.

First, the Court stated in *Matheny* that supplemental material may be reviewed when it "is not merely cumulative or corroborative of evidence already in the record, and if the new material creates a new question of material fact that may impact the ruling." 2018 WL 1095583, at *1 (citation omitted). Second, a court may allow supplemental material on summary judgment 'when doing so provides the court with newly discovered evidence that, with reasonable diligence, could not have been discovered earlier." *Id.* (internal quotation marks and citations omitted). Third, such material may be permitted "when the request is not made in bad faith and will not result in prejudice to the other parties." *Id*. (citation omitted). In response to Defendant's motion, Plaintiff argues he only needs to meet one of these criteria and he meets at least two of these criteria and arguably all three.

In the Supplemental Response at issue, Plaintiff discusses the deposition of defense expert Adam Netemeyer, P.E. According to Plaintiff, the parties have worked amicably with one another throughout this litigation to coordinate schedules, and Plaintiffs agreed to extend the deadline for Defendants[2] to disclose their experts by two weeks until August 27, 2024, which made scheduling expert depositions difficult before the discovery deadline of September 13, 2024. The parties then attempted to mediate the case on September 30, 2024, but Plaintiff and Defendant

---

[2]At the time, Crane 1 Services, Inc. also was a defendant.

Andritz's attempts were unsuccessful.[3] As a result, on October 4, 2024, Plaintiff requested to depose Defendant Andritz's liability experts, including Mr. Netemeyer. Plaintiff asserts that Defendant never objected and cooperated with scheduling the deposition for December 17, 2024, which was after the briefing on Defendant Andritz's Motion for Summary Judgment was complete. Plaintiff insists that Mr. Netemeyer's deposition demonstrates a question fact with regard to the intentional exposure element of his deliberate intent claim. Defendant Andritz's insists it does not.

Upon review, the Court need not decide for purposes of this motion the impact of Defendant Andritz's deposition on the ultimate question of liability. Instead, the Court will allow the supplemental material to be considered as it was not made in bad faith and it will result in *de minimis* prejudice to Defendant Andritz. In fact, Defendant Andritz admits it has no basis to argue the Supplemental Response was submitted in bad faith, and the only prejudice it mentions is that it must devote time to the motion. Given that the parties appear to have cooperated, had a difficult time getting the deposition of Mr. Netemeyer scheduled, and the Supplemental Response is limited in scope to excerpts of his deposition, the Court shall allow the supplemental material and **DENIES** Defendant Andritz's motion.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: February 7, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff and Crane 1 Services, Inc. did reach a settlement.